UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALLEN WOLFORD, | ) | |
| Petitioner, | ) | 3: 10-cv-00658-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| SHERIFF WASHOE COUNTY, et al, | ) | |
| Respondents. | ) | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Based on the information about petitioner's financial status, including any additional information that may have provided, the Court finds that the motion to proceed *in forma pauperis* should be granted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim

1  remains unexhausted until the petitioner has given the highest available state court the opportunity to
2  consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*
3  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).
4         A habeas petitioner must "present the state courts with the same claim he urges upon
5  the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional
6  implications of a claim, not just issues of state law, must have been raised in the state court to
7  achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404
8  U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]
9  asserting claims under the United States Constitution" and given the opportunity to correct alleged
10 violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala*
11 *v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a
12 simple and clear instruction to potential litigants: before you bring any claims to federal court, be
13 sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.
14 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).
15       In the instant case, petitioner's state court proceedings relating to his arrest and
16 possible extradition to Colorado remain pending.   Petitioner has not yet pursued available state court
17 remedies challenging those proceedings.  Accordingly,  the federal habeas petition is premature and
18 the claims therein remain unexhausted.  The federal petition will be dismissed without prejudice.

20     **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis*  (docket
21 #1) is **GRANTED**.  The Clerk **SHALL FILE** the petition for a writ of habeas corpus (docket #1-1).
22     **IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DISMISSED**
23 without prejudice for failure to exhaust state judicial remedies.
24        DATED this 2nd day of November, 2010.

                    *Edward C. Reed.*
                    UNITED STATES DISTRICT JUDGE